# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Kristhian Antonio Villatoro Fuentes,**<br><br>　　　　　Petitioner,<br><br>v.<br><br>William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; and Pamela BONDI, Attorney General, U.S. Department of Justice<br><br>　　　　　Respondents. | Case No.<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

## INTRODUCTION

1. Petitioner, **Kristhian Antonio Villatoro Fuentes**, is a native and citizen of El Salvador who first entered the United States on or about May 19, 2013, as a minor unaccompanied child, at or near the Hidalgo, Texas border. Upon entry, he was released into the custody of a sponsor in New York, where he has lived continuously since that time.

1

2. Kristhian was issued a Notice to Appear (NTA) by the U.S. Department of Homeland Security (DHS) and placed into removal proceedings pursuant to Section 240 of the Immigration and Nationality Act (INA).

3. Kristhian timely retained legal counsel and was represented in his immigration proceedings by Attorney Megan Elman, who provided pro bono representation throughout his case.

4. He was designated as a Mendez Rojas class member, based on his status as an unaccompanied alien child (UAC), and was accordingly advised of his procedural rights.

5. Kristhian properly filed for Asylum, Withholding of Removal, and protection under the Convention Against Torture (CAT).

6. On July 8, 2022, an Immigration Judge granted the joint motion by DHS and Respondent's counsel to administratively close and dismiss the removal proceedings without prejudice, pursuant to the exercise of prosecutorial discretion, effectively resolving Kristhian's case.

7. For years thereafter, Kristhian lived a peaceful and law-abiding life in New York, maintaining ties to his community. He obtained a valid driver's license issued by the New York State Department of Motor Vehicles, and continued to comply with all immigration requirements.

8. On or about July 9, 2025, while traveling in a vehicle in Nassau County, New York, Kristhian was pulled over by a Nassau County police officer. He cooperated fully and presented a valid New York State license.

9. Despite producing valid identification and facing no criminal charges or threats to public safety, an Immigration and Customs Enforcement (ICE) agent was called to the scene and detained Kristhian without a warrant, without explanation, and in clear contradiction to the prior dismissal of his case.

10. The ICE agent merely informed Kristhian that "the immigration judge wants to see you again," a statement unsupported by any legal documentation or active order of removal.

11. Kristhian was held at 26 Federal Plaza for approximately 15 days, during which he received no formal notice of charges, no hearing, and no opportunity to challenge his detention.

12. He was then transferred to the Joe Corley Detention Facility in Texas, far from his family and community in New York, and remains detained there without due process, without justification, and in violation of his constitutional rights.

13. At the time of this filing, Kristhian remains in ICE custody without any active removal order or reopened proceedings, and without access to legal remedies unless this Court intervenes.

3

14. Kristhian's continued detention is unconstitutional, unlawful, and violates his rights under the Fifth Amendment to the U.S. Constitution. He poses no flight risk, no danger to the community, and continues to have a viable claim for humanitarian relief under U.S. immigration law.

15. Accordingly, this Petition for Writ of Habeas Corpus is submitted to challenge Kristhian's ongoing detention and to seek his immediate release, as well as to bar any transfer out of this jurisdiction while his claims are being adjudicated.

## JURISDICTION

16. This action arises under the United States Constitution, the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq., and the habeas corpus statutes, including 28 U.S.C. § 2241.

17. This Court has subject matter jurisdiction over this Petition pursuant to:

- 28 U.S.C. § 2241, which authorizes federal courts to grant habeas corpus relief to individuals who are in custody in violation of the Constitution or laws of the United States;

- 28 U.S.C. § 1331, which grants jurisdiction over all civil actions arising under the Constitution and laws of the United States;

- Article I, Section 9, Clause 2 of the U.S. Constitution (the Suspension Clause), which protects the right to seek habeas relief;

4

- And under 8 U.S.C. § 1252(e)(2), which grants habeas jurisdiction to determine whether an individual was improperly subjected to expedited removal proceedings under 8 U.S.C. § 1225(b)(1).

18. In addition, this Court may issue declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and any necessary orders under the All-Writs Act, 28 U.S.C. § 1651.

19. As Kristhian Villatoro Fuentes is currently detained by U.S. Immigration and Customs Enforcement (ICE) and remains in federal immigration custody without legal justification or due process, his petition for a writ of habeas corpus is properly before this Court.

**VENUE**

20. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(e) because a substantial part of the acts or omissions giving rise to this claim occurred in this District.

21. Petitioner Kristhian Antonio Villatoro Fuentes was initially detained by Immigration and Customs Enforcement (ICE) agents and transported to 26 Federal Plaza, New York City, which is located within this District.

5

22. On or about July 9, 2025, Kristhian was stopped while traveling in a vehicle in Nassau County, New York, which lies within the jurisdiction of this District. He was detained thereafter without a warrant or explanation.

23. Respondents are officers, employees, or agencies of the United States, and a substantial part of the events giving rise to this Petition occurred within this District, making venue proper here.

## REQUIREMENTS OF 28 U.S.C. § 2243

24. Under 28 U.S.C. § 2243, upon the filing of a petition for a writ of habeas corpus, the Court must either grant the writ or issue an order to show cause (OSC) directing the respondents to justify the petitioner's detention forthwith, unless the petitioner is clearly not entitled to relief.

25. If the Court issues an order to show cause, respondents must file a return to the petition within three days, unless for good cause the Court allows an extension not exceeding twenty days. See 28 U.S.C. § 2243.

26. The writ of habeas corpus, often referred to as the "Great Writ," is a fundamental constitutional safeguard protecting individuals from unlawful detention. It provides a swift and imperative remedy to challenge illegal restraint or confinement. See Fay v. Noia, 372 U.S. 391, 400 (1963).

27. Given that Kristhian Antonio Villatoro Fuentes is currently detained without a lawful basis or due process, this Court must act promptly to review the legality of his detention under the mandates of 28 U.S.C. § 2243.

## PARTIES

28. Petitioner, Kristhian Antonio Villatoro Fuentes, is a native and citizen of El Salvador who entered the United States in 2013 as an unaccompanied minor. He is lawfully present in the United States as an applicant for asylum and withholding of removal and previously had his removal proceedings dismissed without prejudice pursuant to prosecutorial discretion. On or about July 9, 2025, Petitioner was detained without a warrant by Immigration and Customs Enforcement (ICE) after a routine traffic stop in Nassau County, New York, and transported to 26 Federal Plaza, New York, NY. He remains in ICE custody and is under the direct control of Respondents and their agents.

29. Respondent William P. Joyce is named in his official capacity as the Acting Field Office Director of the New York Field Office of ICE within the United States Department of Homeland Security (DHS). In this capacity, he is responsible for the administration of immigration laws and the execution of detention and removal decisions in the New York region and is a legal custodian of the Petitioner. His office address is 26 Federal Plaza, New York, NY 10278.

30. Respondent Caleb Vitello is named in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement (ICE). In this role, he oversees the

administration and enforcement of immigration laws nationwide, and is legally responsible for the detention and removal of individuals, including the Petitioner. He routinely transacts business in the Southern District of New York. His address is ICE, Office of the Principal Legal Advisor, 500 12th Street SW, Mail Stop 5900, Washington, DC 20536-5900.

31. Respondent Kristi Noem is named in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). As Secretary, she is responsible for the overall administration and enforcement of immigration laws under 8 U.S.C. § 1103(a). She is legally responsible for Petitioner's continued detention and removal and routinely transacts business in the Southern District of New York. Her address is U.S. Department of Homeland Security, Office of the General Counsel, 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528-0485.

32. Respondent Pamela Bondi is named in her official capacity as the Attorney General of the United States. She oversees the Executive Office for Immigration Review (EOIR) and is ultimately responsible for the adjudication of immigration matters and enforcement of immigration law under 8 U.S.C. § 1103(g). She routinely transacts business in the Southern District of New York and is a legal custodian of the Petitioner. Her office address is U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

33. Respondent Warden of the Joe Corley Detention Facility is named in his or her official capacity as the immediate physical custodian of the Petitioner. Petitioner is currently detained at the Joe Corley Detention Facility in Conroe, Texas, under the direct control and supervision of this Respondent.

**STATEMENT OF FACTS**

34. Petitioner Kristhian Antonio Villatoro Fuentes is a native and citizen of El Salvador. He entered the United States on or about May 19, 2013, at the age of 15, as an unaccompanied minor, crossing the border near Hidalgo, Texas.

35. Upon entry, Petitioner was processed by immigration authorities and released into the custody of a family sponsor residing in New York, where he has lived continuously since that time.

36. On or about July 25, 2013, the U.S. Department of Homeland Security (DHS) issued a Notice to Appear (NTA), initiating removal proceedings under Section 240 of the Immigration and Nationality Act (INA). Petitioner's removal case was assigned to the New York Immigration Court.

37. Petitioner retained the legal services of Megan Elman, Esq., who provided pro bono representation throughout his removal proceedings.

38. Due to his status as a former unaccompanied alien child (UAC), Petitioner was designated as a class member under the *Mendez Rojas* settlement and was notified of his rights as such.

39. On or about November 6, 2015, Petitioner filed a timely application for Asylum, Withholding of Removal, and relief under the Convention Against Torture (CAT), properly submitted to the Asylum Office.

40. On July 8, 2022, after several years of proceedings, the Immigration Judge granted a joint motion filed by both DHS and Petitioner's counsel to dismiss the case without prejudice. This dismissal was based on the exercise of prosecutorial discretion and left no active order of removal pending against Petitioner.

41. In the years following the closure of his case, Petitioner remained in compliance with immigration authorities and lived a peaceful, stable life in New York. He obtained a valid driver's license issued by the New York State Department of Motor Vehicles and continued to contribute positively to his community.

42. On or about July 9, 2025, while driving in Nassau County, New York, Petitioner was pulled over by a Nassau County police officer. He fully complied with the stop and presented a valid New York State driver's license.

43. Despite facing no criminal charges, posing no flight risk, and being subject to no active immigration warrant, an officer with Immigration and Customs Enforcement (ICE) was

called to the scene and subsequently detained Petitioner without explanation, judicial warrant, or supporting documentation.

44. The ICE officer allegedly informed Petitioner that "the immigration judge wants to see you again," though no such order or notice had been issued, and Petitioner had received no communication from the Immigration Court indicating that his case had been reopened.

45. Petitioner was transported to the ICE facility at 26 Federal Plaza in Manhattan, where he remained detained for approximately fifteen (15) days. During this time, he was not served with a new NTA, did not receive a bond hearing, and was not granted the opportunity to challenge the legality of his detention.

46. Inexplicably, Petitioner was then transferred from New York to the Joe Corley Detention Facility in Conroe, Texas, where he remains detained to this day. He has had no meaningful access to legal counsel or immigration court proceedings since the date of his arrest.

47. There is no lawful basis for Petitioner's continued detention. There is no final order of removal in effect, no pending immigration proceedings, and no legitimate public safety concern that would justify his incarceration.

48. After several days in detention, ICE issued a new Notice to Appear (NTA) against Petitioner and initiated fresh removal proceedings. However, the issuance of this NTA

occurred *after* Petitioner had already been detained for an extended period without lawful justification or due process. Such post hoc action cannot retroactively cure an otherwise unlawful detention. As courts have recognized, the legality of a detention must be evaluated based on the facts and legal status at the time of arrest, not based on events occurring later. See Zadvydas v. Davis, 533 U.S. 678 (2001); Demore v. Kim, 538 U.S. 510 (2003); Jennings v. Rodriguez, 138 S. Ct. 830 (2018). Permitting otherwise unlawful detentions to be justified by later-issued NTAs would open the door to arbitrary and pretextual arrests, undermining the constitutional protections guaranteed by the Fifth Amendment.

49. Petitioner has been unlawfully deprived of his liberty without due process of law in violation of the Fifth Amendment to the U.S. Constitution.

50. Petitioner now seeks immediate release from ICE custody through this petition for writ of habeas corpus and an order barring any transfer out of this Court's jurisdiction while his petition is adjudicated.

## **LEGAL FRAMEWORK**

51. The United States Constitution and federal immigration law provide critical protections against the unlawful detention of individuals, including noncitizens like Petitioner.

52. The Fifth Amendment to the U.S. Constitution guarantees that no person shall be "deprived of life, liberty, or property without due process of law." This protection

applies to all individuals within the territory of the United States, regardless of immigration status.

53. Under the Immigration and Nationality Act (INA), the government may only detain individuals in accordance with lawful procedures and under statutorily authorized grounds. 8 U.S.C. § 1226 and § 1231 govern the detention of individuals in immigration custody, depending on whether there is a final order of removal.

54. When a noncitizen does not have a final order of removal—as is the case with Petitioner—their detention is governed by 8 U.S.C. § 1226, which allows for detention pending proceedings, but requires that such detention be supported by actual removal charges and subject to judicial review, including bond hearings.

55. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that the indefinite detention of noncitizens without a realistic prospect of removal violates the Fifth Amendment. The Court emphasized that immigration detention must serve a legitimate government purpose—such as preventing flight or protecting the community—and must be reasonably related to that purpose.

56. In *Demore v. Kim*, 538 U.S. 510 (2003), while the Court upheld limited mandatory detention in certain removal contexts, it reaffirmed that prolonged detention without individualized review or procedural safeguards raises serious constitutional concerns.

57. Further, *Padilla v. Kentucky*, 559 U.S. 356 (2010), established that immigration consequences constitute a critical area of law in which noncitizens are entitled to meaningful legal advice and representation, especially when facing detention or removal.

58. The INA also provides that prosecutorial discretion may be exercised at various stages of immigration enforcement, including through the dismissal or administrative closure of removal proceedings. See 8 C.F.R. § 1003.10(b) and DHS/EOIR joint guidance on the exercise of discretion.

59. Kristhian's removal case was dismissed without prejudice under prosecutorial discretion. There is no existing removal order, no pending NTA, and no legal basis under which ICE may assert detention authority under 8 U.S.C. § 1231 (governing post-order detention).

60. Accordingly, any detention of Kristhian under § 1226 must be based on valid, pending proceedings and is subject to constitutional due process and judicial oversight. In the absence of those, such detention is unlawful. Even though ICE later issued an NTA, this post hoc issuance does not retroactively validate the initial arrest and detention, which were unlawful at the time they occurred.

14

61. Because Petitioner was arrested and detained without a new charging document, without judicial authorization, and without a pending case or removal order, his detention violates the INA and his rights under the U.S. Constitution.

62. Petitioner's detention occurred amid a broader and deliberate pattern of ICE courthouse arrests being used to expedite removals. One recent news report describes how ICE agents have deliberately arrested dozens of individuals following their immigration court appearances—many of whom had their cases dismissed—across multiple U.S. cities including New York. These arrests attempted to fast-track deportations, often bypassing the regular legal process

## CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION SUBSTANTIVE DUE PROCESS

63. Petitioner re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

64. The Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of liberty without due process of law.

65. Petitioner Kristhian Antonio Villatoro Fuentes has no final removal order against him, no pending removal proceedings, and no legal basis under which ICE may detain him under 8 U.S.C. § 1231.

66. Petitioner's removal case was dismissed without prejudice, and he has not received any new charging documents, bond hearing, or judicial review since his detention.

67. The government's continued detention of Petitioner serves no legitimate immigration purpose and is not reasonably related to any lawful objective, in violation of the Fifth Amendment's guarantee of substantive due process.

68. Petitioner is therefore entitled to immediate release from unlawful and unconstitutional custody.

**COUNT TWO**

**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROCEDURAL DUE PROCESS**

16

69. Petitioner re-alleges and incorporates by reference the foregoing paragraphs.

70. The Fifth Amendment also guarantees procedural due process before a person can be deprived of liberty.

71. Petitioner was detained without a warrant, without a Notice to Appear, without a custody redetermination hearing, and without any opportunity to challenge the legality of his detention.

72. Respondents failed to provide Petitioner with timely and adequate notice of the basis for his detention, or a meaningful opportunity to be heard before a neutral decisionmaker.

73. These actions violate Petitioner's right to procedural due process under the Constitution and entitle him to immediate habeas relief.

**COUNT THREE**

**VIOLATION OF THE FIRST AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

17

74. Petitioner re-alleges and incorporates by reference the foregoing paragraphs.

75. As a former unaccompanied minor and Mendez Rojas class member, Petitioner has a protected right to pursue asylum and related forms of relief, and to access legal counsel in the pursuit of such claims.

76. By detaining him without notice, without access to counsel, and without reinstating lawful proceedings, Respondents have chilled Petitioner's ability to pursue immigration relief and interfered with his access to the courts.

77. This unlawful detention infringes on Petitioner's rights under both the First Amendment (access to the courts and legal process) and the Fifth Amendment (due process).

78. Such interference is unconstitutional and entitles Petitioner to release.

## COUNT FOUR

## RELEASE ON BAIL PENDING ADJUDICATION

79. Petitioner re-alleges and incorporates by reference the foregoing paragraphs.

80. Even if the Court determines that Petitioner may be lawfully detained pending further adjudication, he is entitled to an individualized custody hearing and consideration for release on reasonable bail or conditions of supervision.

18

81. Bail pending habeas corpus review is appropriate "when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992).

82. Petitioner poses no danger to the community, has substantial family and community ties, and is not a flight risk.

83. Accordingly, this Court should order his immediate release under supervision, parole, or reasonable bond conditions pending final resolution of this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Kristhian Antonio Villatoro Fuentes respectfully requests that this Court:

1. Assume jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 2241, and 1252(e)(2), and expedite its resolution given the ongoing unlawful detention and irreparable harm to Petitioner;

2. Declare, pursuant to the Fifth Amendment to the United States Constitution, that Petitioner's detention without a valid removal order, without notice, and without any opportunity for a hearing or meaningful judicial review violates his constitutional right

to due process, as established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Demore v. Kim*, 538 U.S. 510 (2003);

3. Declare that Respondents' detention of Petitioner without proper legal authority and in disregard of prosecutorial discretion guidelines, including 8 U.S.C. § 1226 and 8 C.F.R. § 1003.10(b), constitutes an unlawful deprivation of liberty in violation of the Immigration and Nationality Act (INA) and the Due Process Clause;

4. Issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ordering the immediate release of Petitioner from custody;

5. Enjoin Respondents from transferring Petitioner outside the jurisdiction of this Court while this Petition is pending, pursuant to the Court's equitable authority under the All-Writs Act, 28 U.S.C. § 1651, to preserve Petitioner's access to counsel and the Court's ability to provide meaningful relief;

6. Award Petitioner reasonable attorneys' fees, costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable legal authority;

7. Grant any further relief this Court deems just, proper, and necessary to safeguard Petitioner's constitutional and statutory rights and to ensure the enforcement of due process protections against unlawful immigration detention.

20

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, John J. Garzon, Esq., Attorney for Petitioner Kristhian Antonio Villatoro Fuentes in this matter and hereby verify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the factual statements contained in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief.

Dated: September 24, 2025

**JOHN J. GARZON, ESQ**
Attorney for Petitioner
46-12 Queens Blvd., Ste. 204
Sunnyside, New York 11104
Tel: (718) 433-1331

21