United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KRISTHIAN ANTONIO VILLATORO §
FUENTES, §
§
*Petitioner,* §
§
§
vs. §    CIVIL ACTION NO. H-25-4648
§
WILLIAM P. JOYCE, *et al.*, §
§
§
*Respondents.* §

## ORDER TO ANSWER AND ORDER DENYING
## REQUEST FOR ORDER TO SHOW CAUSE

The petitioner, Kristhian Antonio Villatoro Fuentes, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention by federal officials. (Dkt. 1). As part of his request for relief, Villatoro asks the Court to order the respondents to show cause within three days why his petition should not be granted and to set an immediate hearing. (*Id.* at 6-7).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits

---

[1]A district court may apply any or all of the rules governing habeas petitions filed

and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the Court enters the following orders that will govern these proceedings.

## I.   **BACKGROUND**

Villatoro alleges that he is a native and citizen of El Salvador. (Dkt. 1, p. 1). He entered the United States as an unaccompanied alien child in May 2013. (*Id.*). ICE initiated removal proceedings against him, during which he was designated as a *Mendez Rojas*[2] class member. (*Id.* at 2). The removal proceedings were later dismissed without prejudice by agreement of the parties in July 2022. (*Id.*). Villatoro is not subject to an Order of Removal at this time. (*Id.*).

On July 9, 2025, Villatoro was driving in Nassau County, New York, when he was pulled over by a County police officer. (*Id.* at 3). Despite having a valid driver's license and no pending criminal charges, Villatoro was taken into ICE custody without a warrant. (*Id.*). Villatoro was held for 15 days in detention in New York with no notice of charges, no hearing, and no opportunity to challenge his detention. (*Id.*). He was then transferred to a detention facility in Texas, where he remains detained as of the date of this Order. (*Id.*).

---

under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[2]*See Mendez Rojas v. Wolf*, No. 2:16-cv-01024-RSM (W.D. Wash. Nov. 4, 2020).

Villatoro filed his habeas petition in the Eastern District of New York. (Dkt. 1). Because his petition was filed after his transfer to Texas, the Eastern District of New York transferred the petition to this Court. (Dkt. 4). The Court notes that Villatoro's counsel is not admitted to practice in the Southern District of Texas, which is not surprising given his office location in New York.

Villatoro contends that his arrest and detention without notice, hearing, or an opportunity to challenge either one violate his Fifth Amendment due process rights and the applicable immigration statutes and rules. (Dkt. 1, pp. 15-18). He contends that his current detention is unlawful. (*Id.*). He seeks a declaration that his detention is illegal; a declaration that his continued detention is unconstitutional and in violation of federal law; and his immediate release from detention. (*Id.* at 20). He also seeks an order that he not be transferred out of the Eastern District of New York. (*Id.*). Finally, he asks the Court to issue an order requiring the respondents to show cause within three days why his petition should not be granted and to set an immediate hearing on the petition. (*Id.* at 6-7).

## II.   DISCUSSION

### A.   Requests for an Order to Show Cause and an Immediate Hearing

As part of his request for relief, Villatoro asks the Court to issue an order requiring the respondents to show cause within three days why his petition should not be granted. (Dkt. 1, p. 6). He also asks the Court to set an "immediate" hearing

on the petition. (*Id.*). He cites 28 U.S.C. § 2243, which provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. *It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.*

28 U.S.C. § 2243 (emphasis added). While this language would appear to require that Villatoro's requests be granted, case law demonstrates otherwise.

Although petitions under § 2241 were initially governed by the aggressive time limits set forth in § 2243, such petitions are now governed by the Rules Governing Section 2254 Cases in the United States District Courts, which were promulgated by the Supreme Court in 1976. *See Castillo, v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001). These Rules were developed under the Supreme Court's "power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072. Section 2072(b) specifically provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Id.* And although § 2072(b) states that rules promulgated by the Supreme Court do not "abridge, enlarge, or modify

any substantive right," the time for filing a response to a petition and the right to a hearing involve procedural rather than substantive rights.

After considering the provisions of § 2072, courts examining the interplay between § 2243 and the Rules Governing § 2254 Cases have concluded that "the strict time limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases." *Maniar v. Warden Pine Prairie Corr. Ctr.*, No. 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (collecting cases); *accord Cluchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985); *D.L.G. v. Collins*, No. A-20-CV-1126-RP-SH, 2020 WL 10355163, at *2 (W.D. Tex. Nov. 18, 2020); *Y.V.S. v. Wolf*, No. EP-20-CV-00228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020); *Taylor v. Gusman*, No. CV 20-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020); *Castillo*, 162 F. Supp. 2d at 576; *see also Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (holding that under §§ 2241 and 2243, a district court may "adjust the scope of the writ in accordance with equitable and prudential considerations"). Therefore, the strict time limits in § 2243 are not mandatory but instead are subject to the discretion of this Court.

In this case, as in all habeas cases before this Court, equitable and prudential considerations support permitting the respondent time to conduct a reasonable investigation into the facts and circumstances underlying the petition before

5/9

requiring a response or holding a hearing. As of the date of this Order, no service
has been made on any of the respondents. Further, no meaningful investigation into
Villatoro's petition could reasonably be completed within three days, nor could a
hearing reasonably be held within five days of the return. Further, as of the date of
this Order, Villatoro's counsel is not yet admitted to practice in the Southern District
of Texas. Accordingly, the Court denies Villatoro's request for an order to show
cause and an immediate hearing.

**B.    Order to Answer**

Despite denying Villatoro's request for an order to show cause, the Court is
concerned by the events that resulted in Villatoro's current detention and the
appearance that those events, and the events since then, have violated his
constitutional rights. Accordingly, the Court **ORDERS** that this case will proceed
based on the deadlines listed below.

1.    The Clerk must deliver copies of the petition, (Dkt. 1), and this Order
to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei,
by certified mail return receipt requested, to the Civil Process Clerk, United States
Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by
electronic mail to USATXS.CivilNotice@usdoj.gov.

2.    The Clerk must also serve copies of the petition, (Dkt. 1), and this Order
by certified mail on: (1) the United States Attorney General, U.S. Department of

6/9

Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and

(2) Warden, Joe Corley Processing Center, 500 Hilbig Rd., Conroe, Texas 77301.

3.       The Warden must file an answer or other appropriate responsive

pleading within **fourteen (14) days** after the date of service and must forward a copy

to the petitioner's counsel.  The Warden is advised that under Federal Rule of Civil

Procedure 12(d), if matters outside the pleadings are relied upon, his motion will be

treated as a motion for summary judgment and should be entitled as such.

4.       In addition to any defense, in law or fact, to a claim for relief by the

petitioner, the Warden's answer must contain: (a) a statement of the authority by

which the petitioner is held and, if held under the judgment of a court or

administrative tribunal, the name of such court or tribunal and the number and style

of the case(s) in which those judgments were entered; and (b) a statement as to

whether the petitioner has exhausted all available administrative remedies.

5.       Whether the Warden elects to submit an answer or a dispositive motion

(*i.e.*, a motion to dismiss or for summary judgment), Villatoro must file any response

within **7 days** of the date reflected on the certificate of service.  Under the Court's

local rules, Villatoro's failure to respond will be considered a representation that he

does not oppose the motion.  *See* S.D. Tex. L.R. 7.4.  If Villatoro fails to comply on

time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b)

of the Federal Rules of Civil Procedure.

7/9

6.    Villatoro has included as respondents to his petition William P. Joyce, Acting Field Office Director of New York; Caleb Vitello, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; and Pamela Bondi, Attorney General of the United States. (Dkt 1). The Court questions whether these respondents are properly included in this petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). However, because these respondents have repeatedly asserted that they, rather than the Warden, are the sole arbiters of whether noncitizens are properly detained,[3] these respondents must also file a response to Villatoro's petition within **fourteen (14) days** from the date of service.

---

[3]*See, e.g., Villanueva Herrera v. Tate, et al.*, No. 4:25-cv-3364 (S.D. Tex. Sept. 26, 2025), at Dkt. 12, p. 1 n.1 ("This response is filed on behalf of all named federal officials. As the Court previously noted, the proper respondent in a habeas petition is the person with custody over the petitioner. 28 U.S.C. § 2242; *see also* § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). *That said, it is the originally named federal respondents, not the named warden in this case, who make the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code.*") (emphasis added).

8/9

## III.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Villatoro's requests for an order to show cause and an immediate hearing are **DENIED**.

2. The respondents must respond to Villatoro's petition per the schedule outlined above.

3. The respondents must notify petitioner's counsel and the Court of any anticipated or planned transfer of Villatoro outside of the Southern District of Texas **at least five (5) days before** any such transfer.

4. Within **five (5) days** of this Order, counsel for Villatoro must apply to appear in this matter *pro hac vice* in compliance with the Local Rules of the Southern District of Texas.

**The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _____*Sept 30*_____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE