United States District Court
Southern District of Texas
**ENTERED**
October 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTHIAN ANTONIO VILLATORO FUENTES,<br><br>*Petitioner*,<br><br>vs.<br><br>WILLIAM P. JOYCE, *et al.*,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. H-25-4648<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

The petitioner, Kristhian Antonio Villatoro Fuentes, filed a petition under 28 U.S.C. § 2241 to challenge his ongoing detention by United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Detention Facility in Conroe, Texas. (Dkt. 1). The respondents answered with an unopposed motion to dismiss Villatoro's petition as moot. (Dkt. 12). After a thorough review of the petition, the motion, and the law, the Court grants the unopposed motion and dismisses this action as moot.

## I. BACKGROUND

Villatoro is a native and citizen of El Salvador who entered the United States as an unaccompanied minor in 2013. (Dkt. 1, p. 1). He was released into the custody of a sponsor and placed into removal proceedings. (*Id.* at 1-2). In those proceedings, Villatoro sought asylum, a withholding of removal, and protection under the

Convention Against Torture. (*Id.* at 2). In 2022, the Department of Homeland Security dismissed the removal proceedings against Villatoro without prejudice. (*Id.*).

In July 2025, ICE arrested Villatoro without a warrant. (*Id.* at 3). He has been detained in ICE custody since that time. (*Id.*). In September 2025, he filed this petition, seeking his release from detention based on alleged violations of his constitutional rights and the Immigration and Nationality Act. (*Id.* at 15-19). The Court denied Villatoro's request for immediate release, but it ordered the respondents to provide an expedited response. (Dkt. 6).

On October 14, 2025, the respondents filed an unopposed motion to dismiss Villatoro's petition. (Dkt. 12). In that unopposed motion, the respondents state that on October 9, 2025, Villatoro appeared with counsel at an individual hearing in his removal proceedings. (*Id.* at 2). At that hearing, Villatoro withdrew his applications for asylum, for withholding of removal, and for protection under the CAT without prejudice and applied for a voluntary departure. (*Id.*). The immigration court granted his application for voluntary departure, ordered Villatoro to depart the United States by December 8, 2025, and required him to post a bond to secure his departure. (*Id.* at 2-3, 18). Both Villatoro and the government waived their appeal rights. (*Id.* at 3, 20). It appears from the motion that Villatoro was then released from detention to prepare for his departure. (*Id.* at 4).

## II. DISCUSSION

The respondents' motion seeks dismissal of Villatoro's petition under Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction to hear the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A Rule 12(b)(1) motion is properly granted when the court lacks the statutory or constitutional power to hear the case, such as when a case "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case or controversy requirement means that a party must have a "personal stake in the outcome of the lawsuit" for the duration of the proceedings. *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). To have a personal stake, "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). An action becomes moot when that personal stake is lacking. An action also becomes moot "when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013)). In general, the petitioner's release from custody renders a habeas petition seeking such release moot. *See, e.g., Lane v. Williams*, 455 U.S. 624, 631 (1982).

Villatoro's petition challenges only his continued detention. The voluntary removal order and his release on bond render his habeas claims moot. Any concerns that he might be detained again at some future point in time are too speculative to support his petition. *See Bailey v. Sutherland*, 821 F.2d 277, 279 (5th Cir. 1987) (per curiam) ("[T]he mere possibility of future consequences is too speculative to give rise to a case or controversy."); *Cruz v. Cruz*, 140 F.3d 1037, 1998 WL 156315 (5th Cir. Mar. 18, 1998) (per curiam) (relief from future immigration custody does not present a live case or controversy).

The intervening circumstances of Villatoro's agreement to a voluntary removal order and his release on bond render this Court no longer capable of providing him with meaningful relief on the claims raised in his petition. His petition is therefore moot and must be dismissed.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondents' unopposed motion to dismiss, (Dkt. 12), is **GRANTED**.
2. Villatoro's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice as moot**.
3. All other pending motions are **DENIED as moot**.
4. Final judgment will be separately entered.
5. A certificate of appealability will not be issued. *See Pack v. Yusuff*, 218 F.3d

448, 451 n.3 (5th Cir. 2000).

**The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _____ Oct 28 _____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE